JUDGE JONES

**08 CV 6417**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------
COLE SYSTEMS ASSOCIATES, INC.,

                              Plaintiff,

-against-                              **COMPLAINT**

MUNICIPAL EMERGENCY SERVICES, INC.,

                              Defendant.
-------------------------------------

Plaintiff, Cole Systems Associates, Inc., by its attorneys, Peter M. Levine, for its complaint against defendant, Municipal Emergency Services, Inc., states:

RECEIVED JUL 17 2008 U.S.D.C. S.D.N.Y. CASHIERS

## THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of New York with its principal place of business at 174 Hudson Street, New York, New York 10013.

2. Upon information and belief, defendant is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 75 Glen Road, Sandy Hook, Connecticut 06482.

## JURISDICTION AND VENUE

3. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332, because this action is between citizens of different States, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. This court has jurisdiction over the person of the defendant by virtue of section 301 of the New York Civil Practice Law & Rules, because, upon information and belief, defendant is present, or has been present for relevant periods of time, in the State of New York.

5. This court has jurisdiction over the person of the defendant by virtue of section 302 of the New York Civil Practice Law & Rules, because, upon information and belief,

defendant transacted business in the State of New York, and plaintiff's claims arose out of that transaction of business.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because (a) defendant is subject to personal jurisdiction in this District and thus is deemed to reside in this District or (b) a substantial part of the events or omissions giving rise to the claims occurred in this District.

## OPERATIVE FACTS

7. Plaintiff is in the business of writing computer software and designing computer systems.

8. On or about December 8, 2006, plaintiff and defendant entered into a contract for plaintiff to install and customize software for defendant in accordance with defendant's instructions and specifications. Specifically, plaintiff was to install and customize the Microsoft Dynamics AX software in order to provide defendant with the ability to track and to report on the budgets for defendant's major research projects.

9. Defendant accepted the software customized and installed by plaintiff.

10. From time to time, plaintiff rendered to defendant an invoice for services rendered and disbursements incurred.

11. Defendant accepted and retained each of the invoices without protest.

12. Defendant from time to time made payments against the invoices rendered by plaintiff, the last payment being made on May 28, 2008.

13. The amount of services rendered and disbursements incurred by plaintiff on defendant's behalf totaled $1,451,885.26.

14. The payments made by defendant in satisfaction of plaintiff's invoices totaled

$1,349,357.62.

15. A balance of $102,527.64 is due and owing to plaintiff from defendant.

16. Defendant has refused to pay the balance.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

17. All prior averments are repeated.

18. Plaintiff and defendant entered into a contract whereby defendant agreed to pay for the services rendered by plaintiff in connection with the design and installation of the computer system.

19. Defendant breached the contract.

20. As a proximate and foreseeable result of said breach, plaintiff was damaged in the amount of not less than $102,527.64.

21. By virtue of the foregoing, defendant owes plaintiff not less than $102,527.64.

### SECOND CLAIM
### (Account Stated)

22. All prior averments are repeated.

23. By virtue of defendant's acceptance of plaintiff's invoices without protest and by virtue of defendant's payments against said invoices, an account was taken and stated between plaintiff and defendant.

24. The account showed defendant justly indebted to plaintiff in the amount of $102,527.64, no amount of which has been paid although duly demanded.

25. By virtue of the foregoing, defendant owes plaintiff $102,527.64.

### THIRD CLAIM
### (Quantum Meruit)

26. All prior averments are repeated.

27. The services rendered and disbursements incurred by plaintiff on defendant's behalf had a reasonable value of $1,451,885.26, no amount of which has been paid except $1,349,357.62, leaving a balance of $102,527.64.

28. By virtue of the foregoing, defendant owes plaintiff not less than $102,527.64.

### FOURTH CLAIM
### (Unjust Enrichment)

29. All prior averments are repeated.

30. Defendant has been unjustly enriched at plaintiff's expense for the reasonable value of the services plaintiff rendered on behalf of defendant but for which defendant has not paid.

31. By virtue of the foregoing, defendant owes plaintiff not less than $102,527.64.

WHEREFORE, plaintiff demands judgment against defendant as follows:

A. *on the First Claim,* awarding to plaintiff compensatory damages in the amount of not less than $102,527.64, with interest thereon;

B. *on the Second Claim,* awarding to plaintiff compensatory damages in the amount of not less than $102,527.64, with interest thereon;

C. *on the Third Claim,* awarding to plaintiff compensatory damages in the amount of not less than $102,527.64, with interest thereon;

D. *on the Fourth Claim,* awarding to plaintiff compensatory damages in the amount of not less than $102,527.64, with interest thereon;

E. *on each Claim,* awarding to plaintiff its costs and disbursements of this action, including reasonable counsel fees, and granting to plaintiff such other, further, and different relief

the Court deems just and proper.

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiff demands a trial by jury on all issues.

Dated: New York, New York
July 17, 2008

PETER M. LEVINE (PML-7630)
Attorney for Plaintiff
420 Lexington Avenue, Suite 2620
New York, New York 10170
212-599-0009