UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COLE SYSTEMS ASSOCIATES, INC.,

                              Plaintiff,                **08-cv-6417 (BSJ) (AJP)**

     -against-                                    **PLAINTIFF'S REPLY TO COUNTERCLAIMS**

MUNICIPAL EMERGENCY SERVICES, INC.,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Plaintiff, by its attorney, Peter M. Levine, for its reply to the counterclaims of defendant Municipal Emergency Services, Inc., states:

        1.     Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 40, except admits that defendant has provided a summary of its understanding of the counterclaim against plaintiff and denies each and every allegation of plaintiff's culpable conduct.

        2.     Denies knowledge and information sufficient to form a belief regarding the allegations contained in paragraph 41, except admits that defendant has provided a summary of its understanding of the counterclaim against plaintiff and denies each and every allegation of plaintiff's culpable conduct.

        3.     Admits the allegations contained in paragraph 42, and plaintiff refers to the contract between the parties for the terms thereof.

        4.     Denies each and every allegation contained in paragraph 43, except denies knowledge and information sufficient to form a belief regarding defendant's alleged state of mind, which in any event is irrelevant.

        5.     Admits the allegations contained in paragraph 44, except denies knowledge and information sufficient to form a belief regarding defendant's alleged state of mind, which in any

event is irrelevant.

6. Denies each and every allegation contained in paragraph 45, except denies knowledge and information sufficient to form a belief regarding defendant's alleged state of mind, which in any event is irrelevant, and admits upon information and belief that defendant entered into a loan agreement, to which plaintiff refers for the terms thereof.

7. Denies each and every allegation contained in paragraph 46, and plaintiff refers to the contract between the parties for the terms thereof.

8. Denies each and every allegation contained in paragraph 47, and plaintiff refers to the contract between the parties for the terms thereof.

9. Denies each and every allegation contained in paragraph 48, and plaintiff refers to the contract between the parties for the terms thereof.

10. Denies each and every allegation contained in paragraph 49, except admits that plaintiff fully and competently performed all of its obligations pursuant to the contract between the parties.

11. Denies each and every allegation contained in paragraph 50.

12. Denies each and every allegation contained in paragraph 51.

13. Denies each and every allegation contained in paragraph 52..

14. Denies each and every allegation contained in paragraph 53, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and disbursements incurred by plaintiff on defendant's behalf.

15. Denies each and every allegation contained in paragraph 54.

16. Denies each and every allegation contained in paragraph 55, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and

disbursements incurred by plaintiff on defendant's behalf.

17. Denies each and every allegation contained in paragraph 56, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and disbursements incurred by plaintiff on defendant's behalf.

18. Denies each and every allegation contained in paragraph 57.

19. Denies each and every allegation contained in paragraph 58.

20. Denies each and every allegation contained in paragraph 59.

21. Denies each and every allegation contained in paragraph 60, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and disbursements incurred by plaintiff on defendant's behalf.

22. Denies each and every allegation contained in paragraph 61, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and disbursements incurred by plaintiff on defendant's behalf.

23. Denies each and every allegation contained in paragraph 62, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and disbursements incurred by plaintiff on defendant's behalf.

24. Denies each and every allegation contained in paragraph 63, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and disbursements incurred by plaintiff on defendant's behalf.

25. Denies each and every allegation contained in paragraph 64, except admits that plaintiff properly charged defendant pursuant to their contract for services rendered and disbursements incurred by plaintiff on defendant's behalf.

26. Denies each and every allegation contained in paragraph 65.

27. In response to paragraph 66, plaintiff repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 40-65.

28. Denies each and every allegation contained in paragraph 67, except admits that the parties entered into a contract, to which plaintiff refers for the terms thereof.

29. Denies each and every allegation contained in paragraph 68.

30. Denies each and every allegation contained in paragraph 69.

31. In response to paragraph 70, plaintiff repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 40-69.

32. Denies each and every allegation contained in paragraph 71.

33. Denies each and every allegation contained in paragraph 72.

34. Denies each and every allegation contained in paragraph 73.

35. Denies each and every allegation contained in paragraph 74.

36. In response to paragraph 75, plaintiff repeats the corresponding admissions, averments, and denials pleaded in response to paragraphs 40-74.

37. Denies each and every allegation contained in paragraph 75.

38. Denies each and every allegation contained in paragraph 76.

39. Denies each and every allegation contained in paragraph 77.

40. Denies each and every allegation contained in paragraph 78.

41. Denies each and every allegation contained in paragraph 79.

42. Denies each and every allegation contained in paragraph 80.

43. Denies each and every allegation contained in paragraph 81.

44. Denies each and every allegation contained in paragraph 82.

## FIRST AFFIRMATIVE DEFENSE

45. Defendant has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

46. Each of defendant's counterclaims is barred by the Statute of Frauds.

## THIRD AFFIRMATIVE DEFENSE

47. To the extent defendant has attempted to plead a counterclaim based on fraud, defendant has failed to plead fraud with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

## FOURTH AFFIRMATIVE DEFENSE

48. Each of defendant's counterclaims is barred by defendant's own culpable conduct.

## FIFTH AFFIRMATIVE DEFENSE

49. Each of defendant's counterclaims is barred by defendant's failure to mitigate its alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

50. The Dynamics AX Implementation Engagement made by the parties provides: "This Agreement shall be governed by and construed according to the laws of the State of New York, without giving effect to conflicts of law principles." Therefore, defendant may not maintain either a counterclaim or a defense based on Connecticut law in general or the Connecticut Unfair Trade Practices Act in particular.

WHEREFORE, plaintiff demands judgment against defendant dismissing each counterclaim with prejudice and grating to plaintiff all of the relief demanded in the Complaint.

Dated: New York, New York
      August 26, 2008

PETER M. LEVINE (PML-7630)
Attorney for Plaintiff
420 Lexington Avenue, Suite 2620
New York, New York 10170
212-599-0009

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                                  ) ss.:
COUNTY OF NEW YORK  )

DONNA M. GANT, being duly sworn says:

I am not a party to the action, am over 18 years of age and reside in Queens County, State of New York.

On August 26, 2008, I served a true copy of the annexed

**PLAINTIFF'S REPLY TO COUNTERCLAIMS**

in the following manner: by mailing the same in a sealed envelope, with postage prepaid thereon, via First Class Mail in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known addressee as indicated below:

        Sunny H. Kim, Esq.
        Thompson Hine LLP
        335 Madison Avenue
        New York, New York 10017

_____
DONNA M. GANT

Sworn to this 26th day of August 2008

_____
NOTARY PUBLIC
PETER LEVINE
Notary Public - State of New York
No. 02LE4981365
Qualified in Westchester County
Commission Expires 5/13/11