UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
COLE SYSTEMS ASSOCIATES, INC.       :
                                    :       08 CV 6417 (BSJ)
                    Plaintiff,      :
                                    :       **OPINION and ORDER**
            v.                      :
                                    :
MUNICIPAL EMERGENCY                 :
SERVICES, INC.,                     :
                                    :
                    Defendant.      :
------------------------------------X

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Cole Systems has moved in limine to preclude MES from calling Terry Monday as a witness at trial. Cole Systems argues that (1) Monday's testimony is irrelevant to the issues to be tried; (2) even if the testimony is relevant, the Court should nonetheless preclude it as MES's only purpose for offering such testimony would be to prove that Cole acted in conformity with a previously alleged incident of wrongdoing in contravention of Rule 404(b); and (3) the Court should preclude such testimony because the danger of unfair prejudice the testimony poses substantially outweighs its probative value. Cole Systems also argues that due to the belated disclosure of Monday as a potential witness, pursuant to Rule 26, her testimony should be precluded pursuant to Rule 37(c). For the following reasons, Cole Systems' Motion is GRANTED.

    Terry Monday is a former officer of C2 Media. C2 Media was also a customer of Cole Systems. Monday's testimony is expected to concern C2 Media's experience with Cole Systems. Specifically, her testimony is expected to show that Cole Systems

knew that it did not have the competence to perform the MES contract.  Monday's testimony is also offered to show Cole Systems' Modus Operandi of blaming the customer when their customization does not work.  MES asserts that Monday's testimony will help the jury determine whether Cole Systems or MES breached the contract and the damages suffered as a result.

Rule 402 of the Federal Rules of Evidence states that "[a]ll relevant evidence is admissible."  Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence."

Under Rule 404(b), evidence of other wrongs or acts is not admissible "to prove the character of the person in order to show action in conformity therewith."  It may be admissible if it is introduced for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  In order for a prior incident to be admitted for any purpose, the proponent must establish its relevance by showing that it occurred under substantially similar circumstances as the incident at issue.  See Schmelzer v. Hilton Hotels Corp., No. 1:05-cv-10307 (JFK), 2007 WL 2826628, at *1 (S.D.N.Y. Sept. 24, 2007).

The admission of such evidence, other than to prove propensity, is subject to the Rule 403 balancing test between probative value and unfair prejudice.  Rule 403 provides that "[a]lthough relevant, evidence may be excluded if its probative

value is substantially outweighed by the danger of unfair prejudice."

Defendants do not claim that Monday has any first-hand knowledge about the contract between MES and Cole Systems or the performance thereof. There is no clear connection between Monday's testimony and the disputed issues at trial. Despite the similarities between the types of software installed, there has been no showing that C2 Media and MES, the contracts, or the projects are sufficiently similar. Monday's testimony concerns an unrelated project that will shed little, if any, light on the performance of the contract at issue. There also has been no showing that Cole Systems has a unique pattern of blaming the customer for not being able to use the software. Thus, it appears that Monday's testimony would have minimal probative value.

The Court also finds that the minimal probative value of the testimony is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and the potential to mislead the jury. If Monday is allowed to testify, the performance of the contract between C2 Media and Cole Systems will become an issue and engender a trial within a trial. To rebut Monday's testimony, Cole Systems will likely be required to call witnesses and introduce evidence to explain the scope of that project and justify the amount of time spent on it—essentially a parallel proceeding to the MES action against Cole Systems.

Finally, the identity of Monday was not disclosed to Plaintiff until September 28, 2010, during the exchange of drafts

of the updated pretrial order. MES admits that it first became aware of Monday in March of 2009. MES did not serve a supplemental Rule 26 Disclosure listing her as an individual likely to have discoverable information or seek to amend the original pretrial order that was filed shortly before it became aware of Monday. The Court finds this discovery violation is sufficient in and of itself to preclude Monday's testimony.

For the forgoing reasons, after careful consideration of the record and the applicable law, plaintiff's motion *in limine* asking the Court to preclude Defendant from offering the testimony of Terry Monday is GRANTED.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         December 2, 2010